IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA MARTINEZ DE ANDINO, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: |
| TROP, INC. d/b/a PINK PONY and TERI GALARDI | ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Jessica Martinez De Andino, and files this complaint against Defendants Trop, Inc. d/b/a Pink Pony ("hereinafter Trop") and Teri Galardi (hereinafter "Galardi") and shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action also seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wages and overtime

1

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

4.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's former work location: 1837 Corporate Blvd NE, Atlanta, GA 30329. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

Plaintiff signed an Arbitration Agreement with Pink Pony on April 9, 2014.

6.

Per the terms of the Arbitration Agreement, Plaintiff filed for arbitration with the American Arbitration Association ("AAA") on August 30, 2016.

7.

On September 1, 2016, Plaintiff's counsel received a letter from the AAA

stating in relevant part "The employer in this matter has not complied with our requests in the past to abide by our Employment Due Process Protocol and/or our Employment Arbitration Rules. Accordingly, we will not administer any employment related claims involving this employer until such time as the employer notifies us of its intent to abide by the Protocol."

## **PARTIES**

8.

Plaintiff is a citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

9.

Defendant Trop is a registered Georgia corporation.

10.

Defendant Trop may be served with process by delivering a copy of the summons and complaint to its registered agent, Dennis Williams, 2555 Chantilly Drive, Atlanta, Georgia, 30324.

11.

Defendant Galardi may be served with process by delivering a copy of the summons and complaint to her work address, 2555 Chantilly Drive, Atlanta, Georgia, 30324.

## FACTUAL ALLEGATIONS

12.

Pink Pony is an adult entertainment nightclub located at 1837 Corporate Blvd NE, Atlanta, GA 30329 owned by Defendants.

13.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who were employed as entertainers during the three years prior to the filing of this lawsuit.

14.

Plaintiff, while known as Jessica Block, worked as an entertainer for Defendants between December 2013 and August 2014.

15.

Plaintiff's employment was within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

16.

At all times for three years prior to the filing of the instant complaint, Defendants have employed female entertainers at Pink Pony.

17.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at Pink Pony as "independent

contractors."

18.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or background.  Defendants have, however, required entertainers to dance at specified times and in a specified manner on stage and for a specific price; regulated entertainers' attire and interactions with customers; required entertainers to attend meetings at Defendants' business; and financed all advertising efforts undertaken on behalf of Pink Pony. Plaintiff was subject to the policies of Defendants outlined in this paragraph.

19.

At all times for the three years prior to the filing of the instant complaint, Defendants have required entertainers, including Plaintiff, to pay a specific amount, often referred to as a "house fee" or "rental fee" in order to work on any given shift.

20.

The specific amount entertainers, including Plaintiff, were required to pay has varied over the last three years, but has generally been at least $25 per shift up to $75 depending on the arrival time of the entertainer.

21.

If entertainers are late for work, fail to appear for a scheduled shift, or are deemed to have violated any of Pink Pony's rules, they are charged additional fees. For example, there is a $20 penalty if the entertainer leaves before the end of her shift. Plaintiff has been subject to these charges.

22.

The fees described in Paragraphs 18-20 constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act.

23.

Plaintiff worked over forty hours in some weeks she worked for Defendants.

24.

Defendants never paid Plaintiff any amount as wages. Instead, Plaintiff's source of work related income was gratuities she received from customers.

25.

Because Defendants did not pay Plaintiff any wages, Defendants did not pay Plaintiff one-and-a-half times her regular rate of pay when Plaintiff worked over forty hours in a given workweek.

26.

Defendants knew, or showed reckless disregard for the fact that they misclassified Plaintiff as an independent contractor, and accordingly failed to pay her the minimum wage and failed to pay overtime at the required rate under the

Fair Labor Standards Act.

27.

Defendant Teri Galardi is the CEO of Trop Inc. d/b/a Pink Pony.

28.

Defendant Galardi had discretion over Plaintiff's working hours, employment status, and overtime compensation.

29.

Defendant Galardi acts both directly and indirectly in the interest of Trop Inc. d/b/a Pink Pony and was in a supervisory position over Plaintiff.

30.

Trop Inc. d/b/a Pink Pony is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

31.

Defendant Galardi is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

32.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

33.

At all relevant times, Defendant Trop has been, and continues to be, an

"employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

34.

At all times relevant, Defendant Trop has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

35.

At all times relevant, upon information and belief, Defendant Trop has had an annual gross volume of sales made or business done in excess of $500,000.00.

36.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

36.

Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

37.

Plaintiff and the FLSA Collective she seeks to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the past three years, who have not been

8

compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

## CAUSES OF ACTION

### Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

38.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiff worked.

39.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

40.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

41.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully request that this Court:

(A) Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D) Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted, this 25th day of January, 2017.

**THE SHARMAN LAW FIRM LLC**

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff